**FILED**
**Aug 09, 2019**
**01:12 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **WANDA GRIFFIN,** | ) | **Docket No. 2018-08-1438** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FOR SENIOR HELP, LLC d/b/a** | ) | **State File No. 88427-2018** |
| **PRIMECARE TRANSPORTS,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS PROPERTY** | ) | **Judge Deana C. Seymour** |
| **CASUALTY CO. OF AMERICA,** | ) | |
| **Insurance Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING
## ADDITIONAL TEMPORARY DISABILITY BENEFITS

---

The Court convened an Expedited Hearing on July 24, 2019, to determine Wanda Griffin's entitlement to additional temporary disability benefits for a work-related left-foot injury.[1] Primecare Transports argued it provided all benefits to which Ms. Griffin was entitled. The Court holds Ms. Griffin is not likely to prevail at trial regarding her claim for additional temporary disability benefits at this time.

### History of Claim

Ms. Griffin worked as a driver for Primecare. On November 12, 2018, she injured her left ankle while assisting a patient into a van. She sought treatment at the emergency room, where she was diagnosed with a left-ankle sprain and provided with a note returning her to full duty on November 14.

---

[1] Ms. Griffin also claimed medical benefits and pain and suffering. However, before the hearing, Primecare agreed to pay for all authorized medical treatment under Tennessee Code Annotated section 50-6-204, and Ms. Griffin did not pursue pain and suffering at the hearing. *See* Stipulations at p. 4.

1

Rather than returning to work on the 14th, Ms. Griffin went to an urgent care facility for additional authorized treatment. There, a nurse practitioner diagnosed an ankle sprain and prescribed medication and an ankle-support sleeve. The nurse practitioner also kept Ms. Griffin off work from November 16 to November 28.

Later, Ms. Griffin selected Dr. Mark Harriman for authorized treatment. Dr. Harriman saw her twice and ordered physical therapy but did not restrict her physical activities.

Primecare agreed to pay the outstanding emergency room bill and to continue authorized medical treatment. It also agreed to pay two weeks of temporary total disability (TTD) benefits for November 13 and from November 16 to November 28.[2]

Ms. Griffin claimed entitlement to additional TTD from November 29, 2018, to April 22, 2019, because Primecare terminated her on November 20, 2018, and she could not find another job until April 23, 2019. Primecare denied it owed Ms. Griffin additional TTD, since no physician restricted her work activities after November 28, 2018.

## Findings of Fact and Conclusions of Law

Ms. Griffin claims entitlement to temporary disability benefits from November 22, 2018, to April 22, 2019.  At an Expedited Hearing, she must provide sufficient evidence from which the Court can determine she is likely to prevail at a hearing on the merits on this issue. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To receive temporary disability benefits, Ms. Griffin must establish (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). The Court holds she did not establish the required elements.

First, the Court finds Ms. Griffin presented no proof that any physician took her off work between November 29, 2018, and April 22, 2019. Second, she did not establish a causal connection between her injury and her inability to work during this period. Rather, Ms. Griffin attributed her lack of work to her inability to find a job. After finding similar employment on April 23, 2019, Ms. Griffin continued to work without restrictions. Thus, the Court holds Ms. Griffin is not entitled to the requested temporary disability benefits.

---

[2] At the stipulated workers' compensation rate of $243.40, Primecare sent Ms. Griffin a check for $486.80, which she returned. Primecare will resend this payment.

IT IS, THEREFORE, ORDERED as follows:

1.    Ms. Griffin's request for temporary disability benefits from November 29, 2018, to April 22, 2019, is denied.

2.    This case is set for a Status Hearing on **September 16, 2019, at 11:00 a.m. Central Time.** You must call toll-free at 866-943-0014 to participate in the hearing.

ENTERED August 9, 2019.

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Stipulations:

1.    Ms. Griffin injured her left ankle on November 12, 2018.
2.    Ms. Griffin initially treated at Regional One.
3.    Primecare provided a panel from which Ms. Griffin chose Methodist Minor Medical for treatment.
4.    Ms. Griffin then chose Dr. Mark Harriman from an orthopedic panel.
5.    The average weekly wage is $365.10 with a $243.40 compensation rate.
6.    Primecare will pay the Regional One medical bill for November 12, 2018, pursuant to the fee schedule.
7.    Primecare denied no medical treatment.
8.    Ms. Griffin continues to see Dr. Harriman for authorized treatment.
9.    Primecare will pay all authorized medical treatment casually-related to the work injury of November 12, 2018.
10.   Primecare will pay Ms. Griffin for two weeks of temporary total disability benefits totaling $486.80 (November 13, 2018, and from November 16-28).

Trial Exhibits:
1.    Medical Records filed by Employer/Carrier on July 10, 2019;
2.    Wage Statement;
3.    Employee's Choice of Physicians Panels (Methodist Minor Medical and Dr. Mark Harriman);
4.    TTD check mailed to Ms. Griffin dated June 18, 2019, and Response of Ms. Griffin;

5. Regional One Medical Bill;
6. Request for Expedited Hearing with Ms. Griffin's Affidavit;
7. List of medical payments made on claim by employer;
8. Methodist Minor medical record of November 23, 2018 (2 pages);
9. Text between Ms. Griffin and her supervisor from November 12-16, 2018;
10. Signed medical waiver and consent form.

Technical record:
TR1. Petition for Benefit Determination;
TR2. Dispute Certification Notice with defenses raised by Primecare Transport;
TR3. Request for Expedited Hearing, with Ms. Griffin's affidavit;
TR4. Employer/Carrier's Pre-Trial Brief for Expedited Hearing;
TR5. Employer/Carrier's Table of Authorities for Pre-Hearing Brief for Expedited Hearing;
TR6. Employer/Carrier's List of Witnesses and Exhibits for Expedited Hearing.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on August 9, 2019.

| Name | Certified Mail | Via U.S. Mail | Via Email | Service sent to: |
|---|---|---|---|---|
| Wanda Griffin, Employee | | | X | Rnwgriffin45@yahoo.com Wandagriffin46@gmail.com |
| Jared S. Renfroe, Employer's Attorney | | | X | jrenfroe@apicerfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]        _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month   Medical/Dental $ _____ per month

Groceries    $ _____ per month   Telephone   $ _____ per month

Electricity    $ _____ per month   School Supplies $ _____ per month

Water    $ _____ per month   Clothing   $ _____ per month

Gas    $ _____ per month   Child Care   $ _____ per month

Transportation $ _____ per month   Child Support $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____   (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____   (FMV) _____

Other    $ _____   Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____